

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

GROVER SELLERS
ATTORNEY GENERAL
XXXXXXXXXXX

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-6775
Re: Salaries of County Superintendents
in counties having a scholastic
population of less than 8,001.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"In a recent opinion which you gave to the County Attorney of Morris County you held that the County Superintendent of Schools of that County was entitled, in addition to the $600 raise which was granted him as county superintendent of a county coming within his population bracket, but also an additional $600 raise by the County Board as a result of their taking advantage of the following provision of the law- 'Provided, however, that in no instance shall the salaries as herein provided be more than Six Hundred Dollars ($600) increase over the present salaries for the same scholastic population bracket.'

"As the legal adviser for this Department will you instruct us as to whether we are to allow county superintendents in counties having scholastic populations of less than 8,001 a salary increase of $1,200 a year, provided the county boards of trustees grant such an increase in salary."

H. B. 292, 49th Legislature of Texas, reads in part as follows:

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS.

"Section 1. That Article 2700, Revised Civil Statutes, Texas, 1925, as amended by House Bill No. 328, Acts Forty-eighth Legislature, Regular Session, 1943, is amended to hereafter read as follows:

"'Section 1. Salary of County Superintendent. The elective County Superintendents of Public Instruction shall receive from the Available School Fund of their respective counties annual salaries based on the scholastic population of such counties as follows:

| "Population | Amount |
|---|---|
| 3000 or less. . . . . . . . . . . . | $2,400.00 |
| 3,001 to 4,000 . . . . . . . . . . . | 2,600.00 |
| 4,001 to 5,000. . . . . . . . . . . | 2,800.00 |
| 5,001 to 6,000. . . . . . . . . . . | 3,000.00 |
| 6,001 to 7,000. . . . . . . . . . . | 3,200.00 |
| 7,001 to 8,000. . . . . . . . . . . | 3,400.00 |

". . . . Provided, however, in counties having less than eight thousand and one (8,001) scholastics, where the total expense for office assistants does not exceed Twenty-four Hundred Dollars ($2,400.00) per annum, the salary of the County Superintendent may be set at a sum not to exceed Thirty-six Hundred Dollars ($3,600) per annum by action of the County Board of Trustees. Provided, however, that in no instance shall the salaries as are herein provided be more than Six Hundred Dollars ($600) increase over the present salaries, for the same scholastic population bracket.'"

The Governor filed House Bill 892, without his approval, in the Office of the Secretary of State on June 25, and we have just obtained a copy of same. This bill was passed by the House by the following vote: Yeas 120, Nays 2, and the House concurred in Senate amendments by the following vote: Yeas 104, Nays 0. It was passed by the Senate by the following vote: Yeas 26, Nays 0. It is, therefore, in immediate effect, but there will be no funds with which to pay the increased salaries until after September 1, 1945. We quote the following from Section 1 of the Act:

"In making the annual budget for the county administration expense, the County School Trustees shall make an allowance out of the State Available School Fund for the salary and expenses

for the office of the county superintendent and
the same shall be determined by the resident scho-
lastic population of the county.  It shall be the
duty of the County Board of Trustees to file the
budget for county administration expense with the
State Department of Education on or before Septem-
ber first of each scholastic year, the budget to
be approved and certified to by the President of
the County Board of Education and attested to by
the County Superintendent.  The compensation
herein provided for shall be paid monthly upon the
order of the CountySchool Trustees; provided that
the salary for the month of September shall not
be paid until the County Superintendent presents
a receipt from the State Superintendent showing
that he has made all reports required of him."

Opinion No. O-6623 of this department (the
Morris County opinion referred to in your letter) is in point
and we think clearly answers the questions you have in mind.
This opinion construed H. B. 292, supra, and determined the
maximum salary of the County Superintendent of Morris County
under the facts stated.  The request for opinion (in No.O-6623)
was in part as follows:

"I have been requested by the County
Superintendent of Morris County for an inter-
pretation of House Bill No. 292 of the Forty-
Ninth Legislature amending Article 2700, Revised
Civil Statutes, Texas, 1925, as amended by House
Bill No. 328, Acts, Forty-eighth Legislature,
Regular Session, 1943, pertaining to the salaries
of elective County Superintendents and other pro-
visions.

"The scholastic population of Morris
County for the school year 1944-45 is 3011.  The
County Superintendent received an annual salary
of Two Thousand Dollars ($2000) as provided by
statute.  The salary of the County Superintendent
under House Bill 292 of the Forty-ninth Legislature
raises this salary to Twenty Six Hundred Dollars
($2600) annually with a special clause of Section
1, allowing a further raise, which reads as follows:

"'Provided, however, in counties having
less than eight thousand and one (8,001)
scholastics, where the total expense, for
office assistants does not exceed Twenty
Four Hundred Dollars ($2400) per annum, the
salary of the County Superintendent may be

set at a sum not to exceed Thirty Six
Hundred Dollars ($3600) per annum by action
of the County Board of Trustees. Provided,
however, that in no instance shall the
salaries as are herein provided be more
than Six Hundred Dollars ($600) increase
over the present salaries, for the same
scholastic population bracket.'

"The County Board of Trustees of Morris
County voted unanimously to pay the County Super-
intendent Thirty Six Hundred Dollars ($3600) annually
taking this action under House Bill No. 292. The
total expense for office assistants is Eighteen Hundred
Dollars ($1800).

"I would appreciate a ruling on the con-
struction to be placed on Section 1, of House Bill
No. 292, Forty-ninth Legislature, and especially that
part reading:

"'Provided, however, that in no in-
stance shall the salaries as herein provided
be more than Six Hundred Dollars ($600) in-
crease over the present salaries for the same
scholastic population bracket.'

insofar as it concerns the legality of the County
Superintendent of Morris County receiving an annual
salary of Thirty-six Hundred Dollars ($3600)."

In answer to said request (No. O-6623) we said:

"This budget is for the school year be-
ginning September 1, 1945. The present budget for the
Superintendent of Morris County was based on his
salary of $2,000.00 per annum and, therefore, no
more than $166.66 per month may be paid to him until
the new budget for 1945-46 is in effect. You
are, therefore, advised that no change is made
by this law in the salary of the County Super-
intendent until after September 1, 1945.

"It is our further opinion that after
such time (Sept. 1, 1945) and after the 1945-46
budget is in effect) the maximum salary which
can be allowed to the County Superintendent of
Morris County will be the sum of $266.66 per
month. This amount is based upon the maximum
annual salary allowable under H. B. 292 which
we hold to be the sum of $3,200.00 per annum.

"We also wish to clearly point out
that salary increases for public officials are
clearly prospective and are not retroactive. This
has been the uniform holding of the courts and of
this department. Therefore as pointed out above,
when the salary increase becomes effective, the
County Superintendent's salary (of Morris County)
cannot exceed the sum of $266.66 per month."

We enclose herewith a copy of Opinion No. O-6623.

We think opinion No. O-6623 is correct and we
hereby confirm same.

Our construction of the above quoted provisions
of H. B. 292 with reference to the salaries of the county
superintendents affected thereby is shown by the schedule below.

| Population | Minimum Salary under H. B. 292 | Maximum salary that can be allowed by action of the County Board of Trustees |
|---|---|---|
| 3,000 or less | $2,400 | $3,000 |
| 3,001 to 4,000 | 2,600 | 3,200 |
| 4,001 to 5,000 | 2,800 | 3,400 |
| 5,001 to 6,000 | 3,000 | 3,600 |
| 6,001 to 7,000 | 3,200 | 3,800 |
| 7,001 to 8,000 | 3,400 | 3,600 |

However, we wish to point out further that a County
Board of Trustees may make such a salary increase as shown in the
above schedule only when the total expense for office assistants
in the County Superintendent's office in such a county does not
exceed the sum of $2400.00 per annum.

Also, as pointed out more particularly in Opinion No.
O-6623, no changes are made in the salaries of said county su-
perintendents until after September 1, 1945, and after the 1945-
46 budget is in effect and also such salary increases are pros-
pective and not retroactive.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Assistant

WJF:BT:jrb

APPROVED AUG. 14, 1945
/s/ Carlos Ashley
FIRST ASSISTANT ATTORNEY GENERAL      APPROVED OPINION COMMITTEE
                                      By BWB, Chairman